# FEDERAL COURTS

## Advance Current Proceedings and Opinions

## COURT OF APPEALS of U. S.

No. 797

ANGENELLO et al v. UNITED STATES

U. S. Appeals, 2nd Circuit, New York
No. 156. Decided March 29, 1923

31. SEARCHES AND SEIZURES.

Cocaine not unlawfully seized by officers observ-
ng illegal sale, and not inadmissible because ob-
ained without warrant.

ROGERS, C. J.

### Epitomized Opinion

Angenello et al were indicted for a conspiracy to
mit the offense of selling heroin and cocaine
ithout having registered or paid the tax prescribed
the Harrison Act. The indictment contained
o counts: one count charged conspiracy, and the
her the actual sale. Federal agents induced the
efendants and others to sell them some narcotics.
he agents gave them marked bills in payment for
e drugs and then arrested the defendants at the
me of one of the defendants named Alba. The
deral Agents searched the men and then went to
e home of one of them, Angenello, and searched it.
the time the search was made the Federal Offi-
rs had no warrant. Evidence of the finding of this
caine was introduced at the trial and the defend-
ts were convicted under the first count for con-
iracy. Error was then prosecuted to the United
ates District Court of the Eastern Division of
w York. In sustaining the judgment of the
wer court, the Court of Appeals held:

1. By the weight of state authority, evidence ob-
ned by unconstitutional seizure is as much ad-
ssible as any other evidence secured by illegal
ans.

2. The right of the people to be secure in their
rsons, houses, and effects against unreasonable
rches and seizures was not created by the Fourth
endment, but existed as a common-law right.

3. Whether a search is reasonable or unreason-
e within the meaning of the Fourth Amendment
n all cases a judicial question.

4. Not all arrests without warrant are illegal, and
all searches and seizures without a warrant are
hibited; but under the federal as well as the
te statutes, to justify search and seizure without
rant, the officer must have direct knowledge,
ough his hearing, sight, or other sense, of the
mission of the crime.

Where defendants were seen by government
nts to deliver packages and receive money un-
such circumstances as to justify their arrest
selling narcotic drugs and search of their per-
without warrant, a search of their dwelling
which they were seen to come immediately

before was not an unreasonable search in violation
of their constitutional rights, and cocaine found dur-
ing the search was not inadmissible on their trial
as evidence unlawfully obtained.

Attorneys—O'Gorman, Battle, Vandiver & Levy,
for Anegenello et al; Ralp C. Greene, for U. S.